UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEE KINNAMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. CLAUSEN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00168-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRE PLAINTIFF TO PAY THE FILING FEE IN FULL<br><br>(Doc. 2)<br><br>Clerk of Court to assign a district judge |

　　　　Plaintiff Todd Lee Kinnamon is a state prisoner proceeding *pro se* with this civil rights action filed under 42 U.S.C. § 1983. Plaintiff has filed an application to proceed *in forma pauperis*. Because Plaintiff had at least three "strikes" prior to filing the action and was not in imminent danger of serious physical injury at the time he filed the action, Plaintiff should be required to pay the $402 filing fee in full to proceed with the action.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

　　　　28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

1

danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it . . .. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). *See also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## II.     ANALYSIS

### A.  Strikes

Plaintiff initiated this action on February 3, 2023.  (Doc. 1.)  The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following cases, each of which counts as a "strike":

(1) *Kinnamon v. Lopez*, Case No. 1: 12-cv-01155-SKO (E.D. Cal.) (dismissed on April 3, 2013, for failure to state a claim);

(2) *Kinnamon v. Hamilton*, Case No. 1:13-cv-00040-JLT (E.D. Cal.) (dismissed on June 21, 2013, for failure to state a claim);

(3) *Kinnamon v. Cal. Dep't of Corr.*, Case No. 1:13-cv-00109-DLB (E.D. Cal.) (dismissed on September 17, 2014, for failure to state a claim.

Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

### B.  Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."

*Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g) . . . .").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).  In deciding whether such a nexus exists, courts consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id.*

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff's complaint alleges that Defendant Clausen, a control tower corrections officer at SATF Corcoran, closed the cell door on Plaintiff's leg as he was coming out for yard.  Plaintiff suffered a permanent injury to his knee and requires a wheelchair, and he is unable to complete daily tasks.  Plaintiff also alleges that he was denied access to the medical report regarding the incident as part of a cover-up.

Plaintiff's complaint does not adequately allege that there is a real and imminent threat to Plaintiff's personal safety.  As described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of

imminent serious physical injury." *Martin,* 319 F.3d at 1050.  Plaintiff has provided no such allegations in this case. Plaintiff's complaint does not include any factual allegations to support the conclusory allegations that he is in danger, or that there are no procedures in place to protect him.

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court recommends that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

### III.     CONCLUSION

The Court finds that under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2.), be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of  28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated:   **February 10, 2023**                                     _____
UNITED STATES MAGISTRATE JUDGE