UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEE KINNAMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. CLAUSEN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-00168-ADA-CDB (PC)<br><br>ORDER DENYING MOTION FOR WRIT OF MANDATE<br><br>(Doc. 10)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 8)<br><br>**FOURTEEN (14) DAYS DEADLINE** |

　　　　Plaintiff Todd Lee Kinnamon is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. On February 3, 2023, Plaintiff commenced this action by filing a complaint asserting an Eighth Amendment excessive force claim against Defendants and alleging they hid and manipulated his injury report. (Doc. 1.) At the same time, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

　　　　On February 13, 2023, the Court entered findings and recommendations to deny Plaintiff's IFP motion because Plaintiff has at least three "strikes" prior to filing this action, and

he failed to show he was in imminent danger of serious physical injury. (Doc. 5.) The Court advised Plaintiff that he could file objections to the findings and recommendations within fourteen days. (*Id.*). Instead of filing a response, Plaintiff filed a "Motion for Hearing on Forma Pauperis. Three Strikes," stating that he can prove serious injury. (Doc. 6.) On March 27, 2023, the Court entered an Order adopting the findings and recommendations, denying Plaintiff's motion for a hearing, denying the motion to proceed IFP, and requiring Plaintiff to pay the $402.00 filing fee in full within thirty days.[1] (Doc. 8.)

On April 25, 2023, Plaintiff filed a notice of change of address. (Doc. 9.) However, the record indicates that Plaintiff received the Court's order of March 27, 2023.

Instead of paying the fee, Plaintiff filed a document titled, "Writ of Mandate."[2] (Doc. 10.) The document requests only: "I respectfully am asking this Court under what ruling to substantiate the reasons that I am a three prior strikes?" (*Id.*) Plaintiff has failed to pay the $402.00 filing fee, and the time to do so has passed.

A *pro se* plaintiff must comply with orders of the court. L.R. 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases

---

[1] Pursuant to 28 U.S.C. § 1914 and Local Rule 121(c), filing fees must be paid or IFP status granted before this case can proceed on the complaint.

[2] To the extent that this pleading can be construed as a motion, it is denied. In the findings and recommendations of February 13, 2023, the Court identified three of Plaintiff's prior cases that were dismissed for failure to state a claim and count as strikes under 28 U.S.C. § 1915(g). The Court also explained why the imminent danger exception does not apply. (Doc. 15.) Plaintiff's filing of this pleading does not excuse his failure to pay the filing fee as ordered by the Court.

2

on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by paying the filing fee is delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's failure to pay the filing fee despite court order is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Pagtalunan*, 291 F.3d at 643. Plaintiff's failure to comply with a court order and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration and his failure to pay the filing fee, monetary sanctions are of little use. Moreover, at the stage of these proceedings, the preclusion of evidence or witnesses is not available. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the

'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's order, this factor does not weigh completely against dismissal.

After weighing these factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is hereby RECOMMENDED:

1. The Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and failure to prosecute; and

2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, it is hereby ORDERED that Plaintiff's motion for writ of mandate (Doc. 10) is DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2023**                                   _____
UNITED STATES MAGISTRATE JUDGE